EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,

v.

ST. FRANCIS COMMUNITY HOSPITAL, Defendant.

Civ. A. No. 75-0239.

United States District Court,
D. South Carolina,
Greenville Division.

March 2, 1976.

Donald L. Hollowell, Asst. Gen. Counsel, and Richard F. Landrigan, Trial Atty. for E. E. O. C., Atlanta, Ga., for plaintiff.

William W. Kehl of Wyche, Burgess, Freeman & Parham, James B. Spears, Jr. of Haynsworth, Baldwin & Miles, Greenville, S. C., for defendant.

## MEMORANDUM OPINION ON DEFENDANT'S MOTION TO COMPEL DISCOVERY OF CERTAIN DOCUMENTS AND ANSWERS TO CERTAIN INTERROGATORIES

HEMPHILL, District Judge.

Defendant's motion, under Rule 37, Federal Rules of Civil Procedure, to compel discovery of certain documents and to require answers to certain interrogatories is presented for decision in this court. This is a Title VII action brought by the Equal Employment Opportunity Commission, rather than by an individual or class of individuals, claiming discrimination by defendant concerning the hiring of a Spanish-surnamed American and others.[1] On February 28, 1975, the defendant filed interrogatories and a request for production of documents pursuant to Rule 33 and 34, Federal Rules of Civil Procedure. The plaintiff initially refused to furnish certain documents and to answer certain interrogatories because they related to the Commission's statutorily-required conciliation process.

Contested are twenty-two (22) letters between the Commission[2], the charging party in the underlying charge of employment discrimination, Dr. Angel Perez-Huerta, and third persons. At the hearing on defendant's motion, the Commission, which had previously said the letters were sacred and secret, or secret and sacred,[3] agreed to yield certain of the documents which it had refused to release, but opposed further disclosures during the pretrial discovery.

The Commission's basis for refusing defendant's discovery requests is found in Section 706(b) of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e et seq. The portion of the statute relevant to this proceeding provides:

> . . . Nothing said or done during and as a part of such informal (conciliation) endeavors may be made public by the Commission, its officers or employees, or used as evidence in a subsequent proceeding without the written consent of the persons concerned. Any person who makes public information in violation of this subsection shall be fined not more than $1,000 or imprisoned for not more than one year, or both. 42 U.S.C. § 2000e–5(b)

The Commission, therefore, interprets Section 706(b) as establishing an absolute privilege against complying with defendant's otherwise legitimate discovery demands.

Defendant contends that Section 706(b) does not provide the broad privilege urged by the Commission during pretrial discovery proceedings for two reasons. First, defendant is not here attempting to use the requested documents and answers "as evidence." Second, it has stated its willingness to comply with any necessary restric-

---

1. There is a claim about the hiring of blacks, but it appears affirmative from the record at this point that this is the all-inclusive which is put into every Title VII action for obvious purposes.

2. By order of December 8, 1975, plaintiff was directed to produce certain of these letters.

3. Secrecy is always sacred to the present American bureaucracy.

tions to prevent disclosure to the "public."[4] According to defendant, these two limitations—"use as evidence" and making "public"—are the only prohibitions contained in Section 706(b) and defendant contends that they should not be given the expansive interpretation suggested by the Commission.

■ In ruling on discovery requests, the court fully recognizes that the Federal Discovery Rules must be accorded a "broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507, 67 S.Ct. 385, 391, 91 L.Ed. 451, 460 (1947). By such treatment, those rules are intended to produce "open disclosure of *all potentially relevant information . . . ." Burns v. Thiokol Chemical Corp.,* 483 F.2d 300, 307 (5th Cir. 1973) (emphasis added.) The important distinction between "relevancy" and "admissibility" during pretrial discovery is emphasized by Rule 26(b)(1)'s provision that "(i)t is not ground for objection that the information sought will be inadmissible at the trial . . . ." Federal Rules of Civil Procedure, Rule 26(b)(1). Allowing defendant to review the requested information, although it may be inadmissible as evidence, could lead to other possibly admissible evidence which may help establish the Hospital's defense to the serious charges of employment discrimination contained in the Commission's complaint. To recognize the broad privilege claimed by the Commission herein where the terms of Section 706(b) do not clearly require it would frustrate the clear purposes of the discovery rules.[5]

In *Carr v. Monroe Mfg. Co.,* 431 F.2d 384 (5th Cir. 1970), cert. denied, 400 U.S. 1000, 91 S.Ct. 456, 27 L.Ed.2d 451 (1971) the court, quoting *United States v. Reynolds,* 345 U.S. 1, 7, 73 S.Ct. 528, 531, 97 L.Ed. 727, 732, stated:

> Where a government asserts a privilege not existent in the common law but based on unique considerations of government policy, the trial court properly should consider the assertion of privilege as part of the good cause requirement, balancing competing policies.

In *Overby v. United States Fidelity & Guaranty Co.,* 224 F.2d 158 (5th Cir. 1955), the court ruled:

> . . . In the final analysis, the court and not the executive officer is to determine the validity of the claim of privilege. . . . "Judicial control over the evidence in a case cannot be abdicated to the caprice of executive officers." (City Reynolds, supra.)

In balancing the competing policies, the bureaucracy seeking to hide behind classification on the one hand, and the right of a fair trial on the other, this court finds direction initially in a case vehemently familiar to this writer. *United States v. Hemphill,* 369 F.2d 539, 542 (4th Cir. 1966).[6] There Chief Judge Haynsworth stated:

> We share his (the district judge's) conviction that when the United States, a cabinet official, or an agency of the United States comes into the Court as a plaintiff,

---

**4.** Defendant contends that it is not a member of the "public" to which the statute prohibits disclosure of information relative to the Commission's conciliation proceedings. The Commission in its brief or during the hearing has not challenged defendant's claim in this regard. See generally, *H. Kessler & Co. v. Equal Employment Opportunity Commission,* 472 F.2d 1147 (5th Cir. 1973), cert. denied, 412 U.S. 939, 93 S.Ct. 2774, 37 L.Ed.2d 398 (1973).

**5.** Congress has demonstrated in similar statutory provisions that it can appropriately incorporate an intention to prohibit a much broader scope of disclosures than the two contained in Section 706(b). Compare, e. g., 76 Stat. 922 (1962), 13 U.S.C. § 9 (Supp.1975); 71 Stat. 595 (1957), 18 U.S.C. § 3500(a); and 36 Stat. 351 (1910), 45 U.S.C. § 41.

**6.** In this case, at the trial level, attorneys for the defendants-intervenors, claimed they needed certain information from the Secretary of Labor. When it was not forthcoming upon the court's order to produce, the court issued its Rule to Show Cause why the Secretary of Labor should not be held in contempt, just as any other litigant. The government petitioned for mandamus and the record shows that when counsel for the defendants appeared before the Fourth Circuit, they reversed their position and indicated to the Fourth Circuit that they did not need the information for which they had pressed before the trial court. As a result the humiliation of mandamus was vested upon the district judge, unaware of the change in position of counsel, who had insisted upon the need at the trial level.

they are subject to the same rules as private litigants, and the open disclosure which is now demanded of litigants in the federal courts, because of its fairness and its contribution to accuracy in the fact-finding process, is equally demanded of such plaintiffs.

In construing a Mississippi state statute similar to the statute upon which the plaintiff relies in this case, Judge Wisdom, in *Fears v. Burris Mfg. Co.,* 436 F.2d 1357, 1361 (5th Cir. 1971), stated:

> (t)he Mississippi statute, however, construed, does not grant an absolute privilege from disclosure of MESC records in this case. We have recently reviewed the relevant authorities in *Garner v. Wolfinbarger* (5th Cir. 1970, 430 F.2d 1093). We there concluded that in any given instance the special federal interest in seeking the truth in a federal question case may require disclosure despite the existence of a state rule holding the same communications privileged.

This court will take cognizance of the Commission's argument that the production of the requested information would have a "chilling effect" on charging parties, employers and perhaps the Commission during future conciliation endeavors. The Commission's claimed need for confidentiality to foster voluntary compliance with Title VII must be balanced against defendant's right to adequately prepare its best defense when administrative efforts toward settlement have proven unsuccessful. The need for confidentiality does not here outweigh defendant's statutorily sanctioned discovery rights. Under any American system now in existence, or as originally conceived, defendant is entitled to a fair trial and a fair chance to defend himself. Under similar circumstances, other courts have likewise held that the value of disclosure transcends a speculative side effect. *Carr v. Monroe Mfg. Co., supra; Equal Employment Opportunity Commission v. Los Alamos Constructors, Inc.,* 382 F.Supp. 1373 (D.N.M.1974); *Abel Investment Co. v. United States,* 53 F.R.D. 485 (D.Neb.1971), and *Peterson v. United States,* 52 F.R.D. 317 (S.D.Ill.1971).

The ultimate resolution of whether or not unlawfully discriminatory practices have been and are presently being carried on by St. Francis as alleged in the complaint will be better served by following the procedures hereinafter outlined. Especially is this true when this court has the authority to effect controls to protect a party's legitimate interest while allowing the fullest possible discovery of all the relevant facts. *Carr v. Monroe Mfg. Co., supra, Burns v. Thiokol Chemical Corp.,* 483 F.2d 300, 307 (5th Cir. 1973).

The Commission is directed to produce for inspection, in camera, all of the documents requested which have not heretofore been produced, and to answer, directly to defendant, interrogatories no. 6, no. 7, no. 8, no. 9, no. 10, no. 16 and no. 42.

Defendant shall not make public any part of said document or make answers to interrogatories available to any person other than defendant's counsel. Defendant's attorneys shall not release or make known the contents of any answers to interrogatories to any third party.

The production in camera and the answers to interrogatories will be furnished within 20 days from the date of this order.

AND IT IS SO ORDERED.

