**TEMPLE–EASTEX, INCORPORATED, a Subsidiary of Time, Inc., and its operating divisions, Temple Industries and Eastex Incorporated, Plaintiff,**

v.

**NATIONAL LABOR RELATIONS BOARD, Defendant.**

No. B–76–97–CA.

United States District Court,
E. D. Texas,
Beaumont Division.

March 23, 1976.

John B. Abercrombie, Coyt Randal Johnston, Baker & Botts, Houston, Tex., for plaintiff.

Robert G. Levy, II, N. L. R. B., Houston, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

JOE J. FISHER, .Chief Judge.

### FINDINGS OF FACT

1.

Plaintiff, Temple-Estex, Incorporated, a Subsidiary of Time, Inc., and its operating division, Temple Industries and Eastex Incorporated, brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. Section 552, seeking an injunctive order requiring disclosure by Defendant, National Labor Relations Board, hereinafter referred to as NLRB, of certain statements and affidavits obtained in the course of an NLRB investigation of an unfair labor practice charge.

Plaintiff has been charged in an unfair labor practice proceeding presently pending before the NLRB with refusing to bargain with the United Paperworkers International Union in violation of Section 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. Section 158(a)(5) and (a)(1).

2.

In the course of its investigation of the unfair labor practice charge, NLRB investigators obtained statements from witnesses in connection with the charge which had been filed.

**3.**

Plaintiff made request pursuant to the FOIA for the statements obtained during the course of the NLRB investigation. The requested information was denied by the NLRB's Regional Director and the General Counsel for the NLRB. The NLRB denied the request on the basis that the requested statements were exempt from disclosure under various exemptions of the FOIA.

**4.**

Plaintiff thereupon brought this action under the FOIA seeking an injunctive order from the Court to have the NLRB produce the documents sought and further requesting that the NLRB be enjoined from conducting a hearing of the unfair labor practice charge for a period of at least one week subsequent to the requested disclosure. Plaintiff seeks injunctive relief both by means of a preliminary and a permanent injunction from this Court.

**5.**

This case was set down on March 15, 1976, upon Plaintiff's complaint and Defendant's opposition to same and cross motion for summary judgment. There are no genuine disputes as to material facts in this proceeding.

## CONCLUSIONS OF LAW

**1.**

This Court has jurisdiction to make a de novo review of the NLRB's decision to withhold the affidavits which are the subject of this suit. 5 U.S.C. Section 552(a)(4)(B).

**2.**

■ It goes without saying that to effectuate its decision after de novo review of the documents in question, should it find that some or all should be released under the FOIA, this Court may enjoin the NLRB from further withholding and order production of documents improperly withheld. By Congressional dictate, the burden is on the NLRB to prove to this Court that its actions have been proper, and that the affidavits are not exempt from release. 5 U.S.C. Section 552(a)(4)(B).

**3.**

As Congress was leary of an administrative body judging its own decisions, review in the federal district court is made available to any aggrieved member of the public under the FOIA. In some instances the content of the sought-after agency records will be most relevant to an informed decision by the Court, hence provision is made for in camera review. 5 U.S.C. Section 552(a)(4)(B).

**4.**

■ The NLRB seeks first to invoke the fifth exemption of the FOIA, 5 U.S.C. Section 552(b)(5), claiming that the affidavits in its files are "inter-agency or intra-agency memorandums or letters." This Court finds no merit in such a claim. Both the prefixes "inter" and "intra" imply that the communication involved was transmitted from one government employee to another. Sworn statements by persons interviewed by the NLRB are not of this character. No deliberative processes are evidenced by them. *See Environmental Protection Agency v. Mink,* 410 U.S. 73, 90, 93 S.Ct. 827, 837, 35 L.Ed.2d 119, 133–34 (1973).

**5.**

■ Though the NLRB has failed to meet its burden of proof with regard to the fifth exemption, to some degree it has won its case under the seventh, 5 U.S.C. Section 552(b)(7). This Court finds that the records were "investigatory" and were compiled for law enforcement purposes. This conclusion alone, however, would not entitle the Defendant to the application of the exemption. If the production of the materials in question would not interfere with enforcement proceedings, invade the privacy of persons involved, or disclose confidential sources, 5 U.S.C. Section 552(b)(7)(A), (C) and (D),[1] the materials

---

1. This court does not pass on the applicability of exceptions such as (7)(B) which are not asserted by the Defendant.

must be produced. The Court concludes that while certain affidavits fall within the seventh exemption, others do not.

### 6.

█ The Supreme Court has said that the FOIA attempts to provide a workable formula that balances and protects all interests, yet places emphasis on the fullest responsible disclosure. *Environmental Protection Agency v. Mink, supra,* at 80, 93 S.Ct. at 832–33, 35 L.Ed.2d at 128. Further, the FOIA did not limit the inherent equity powers of this Court. *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974). Within these parameters, it is the conclusion of this Court that information in NLRB files, especially certain of the affidavits here in question, which are favorable to the Plaintiff here in its defense at the unfair labor practice hearing must be released. From a defendant in an unfair labor practice's point of view, discovery prior to such a proceeding at best is governed by federal civil evidentiary rules, *see* 29 U.S.C. Section 160, and at worst by standards of discovery available to persons charged with violations of federal criminal law, *see Bristol-Meyers Co. v. F. T. C.,* 138 U.S.App.D.C. 22, 424 F.2d 935 (1970), cert. denied 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52. As a matter of course, Plaintiff here will be furnished with the affidavits of witnesses called at the NLRB hearing, but since the Board prosecutor will never call a witness who has made statements favorable to the company, the latter type of affiant's statement will never be available for inspection. The Court feels that it would be wrong to grant exemption to such favorable affidavits when sought under the FOIA, in that to prevent release would not comport with "fullest responsible disclosure."

The constantly reiterated justification for protecting an NLRB affidavit from disclosure is the fear of reprisal by the company against the employee. *Wellman Industries, Inc. v. N. L. R. B.,* 490 F.2d 427 (4th Cir. 1974), cert. denied 419 U.S. 834, 95 S.Ct. 61, 42 L.Ed.2d 61; *N. L. R. B. v. Clement Brothers Company,* 407 F.2d 1027 (5th Cir. 1969). We cannot, however, envision any reprisal by a company against affiants who have made statements favorable to its position at the NLRB hearing. Further, since no union members are involved[2] with regard to the statements we order released, union reprisal is also unforeseeable.

### 7.

This Court, therefore, concludes that the affidavits listed in the exhibit attached to the accompanying Order must be released as required by the FOIA, and that all others sought by the Plaintiff fall within the seventh exemption.

### 8.

We, of course, make no finding nor conclusion with regard to the merits of the matter which is the subject of the unfair labor practice hearing.

### 9.

█ We believe that any action to enjoin the NLRB from proceeding in its hearing of the matter before it would be premature. *Bristol-Meyers Co. v. F. T. C., supra,* at 940. Plaintiff will be afforded access to the information to which it is entitled in plenty of time to utilize it effectively in the NLRB proceeding.

### 10.

As to the information which Plaintiff seeks but which is not listed in the attached Order, Defendant's Motion for Summary Judgment is well taken and should be granted. Defendant has demonstrated to the Court that those materials are precluded from release by the seventh exemption of the FOIA.

### 11.

█ We conclude that no government employee acted arbitrarily or capriciously in withholding the information sought by Plaintiff.

An order will be entered accordingly.

---

2. The Court has made this determination in its camera review.