INTERSTATE MOTOR FREIGHT
SYSTEM, Plaintiff,

v.

UNITED STATES DEPARTMENT OF
LABOR, Raymond Donovan, individual-
ly and as Secretary, Department of La-
bor, Washington, D.C.; Timothy Ryan,
individually and as Solicitor of Labor,
Department of Labor, Washington, D.C.;
Judith E. Kramer, individually, and as
Deputy Associate Solicitor for Legisla-
tion and Legal Counsel, Department of
Labor, Washington, D.C.; William L.
Smith, individually and as Assistant Re-
gional Administrator for the Wage and
Hour Division, Employment Standards
Administration, Department of Labor,
One Hartford Square West, North
Building, Hartford, Ct., Defendants.

No. G82–699 CA1.

United States District Court,
W.D. Michigan, S.D.

Dec. 3, 1982.

Varnum, Riddering, Wierengo & Chris-
tensen by Charles S. Mishkind, Grand Rap-
ids, Mich., for plaintiff.

John A. Smietanka, U.S. Atty. by Daniel
M. Laville, Asst. U.S. Atty., Grand Rapids,
Mich., for defendants.

## OPINION RE CROSS MOTIONS FOR SUMMARY JUDGMENT

HILLMAN, District Judge.

This is an action brought pursuant to the federal Freedom of Information Act (FOIA), 5 U.S.C. § 552, as amended. The complaint alleges that defendants have wrongfully withheld from public disclosure certain records of the United States Department of Labor. The case is now before the court on cross-motions for summary judgment. The court has been fully informed by the parties through their legal memoranda and oral argument.

### I. BACKGROUND

Plaintiff is a Michigan corporation with its principal place of business in the Western District of Michigan. Some time ago, Ms. Donna Lagueux filed a complaint with the Wage and Hour Division of the Department of Labor (DOL), alleging that plaintiff, her employer, had violated certain provisions of the Fair Labor Standards Act (FLSA), as amended, 29 U.S.C. § 201, et seq. The complaint involved certain of plaintiff's practices at its Orange, Connecticut, terminal.

Pursuant to section 11 of FLSA, the Wage and Hour Division conducted an in-

vestigation into the complaint. During this investigation, the Wage Hour Division Compliance Officer obtained statements and information from Ms. Lagueux and other employees. The employees, including Ms. Lagueux, were assured that their identities would be held in confidence with respect to the information they provided to the Compliance Officer.

The Wage and Hour Division subsequently determined that the complaint did not raise issues calling for enforcement proceedings. The Department closed the file on the complaint. Several months later, on October 28, 1981, Ms. Lagueux filed a complaint in the Federal District Court for the District of Connecticut alleging, *inter alia,* that Interstate Motor Freight System violated the Fair Labor Standards Act.

Apparently in the process of defending the lawsuit, plaintiff filed a request with the Department of Labor seeking the entire DOL file created during the investigation into the initial complaint. The Department has complied with the request, but has withheld certain documents. Specifically, the Department has withheld the Employment Information Form and Personal Interview Statement of Donna Lagueux and the name, address and other identifying information that DOL deleted from the Employee Personal Interview Statements of other employees. The Department relied on exemption 7(D) of FOIA, 5 U.S.C. § 552(b)(7)(D), which provides that:

"(b) This section does not apply to matters that are—

(7) investigatory records compiled for law enforcement purposes but only to the extent that the production of such records would

(D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source."

In the Government's memorandum, it also cites exemption 7(C), 5 U.S.C. § 552(b)(7)(C), claiming that disclosure would "constitute an unwarranted invasion of personal privacy," and therefore is excused. However, the Deputy Associate Solicitor from the Department of Labor relied only upon exemption 7(D) in denying the requests and withholding the documents.

Upon receiving the letter denying the request, plaintiff filed this lawsuit in which it seeks, pursuant to 5 U.S.C. § 552(a)(4)(B), an order of this court directing the agency and the individual defendants to permit access to the requested documents that have been withheld.

## II. DISCUSSION

This case presents the classic confrontation between the Government's need to depend upon confidential sources for information in its law enforcement efforts, and the rights of individuals in a free society to have access to public records. The Freedom of Information Act was designed to accommodate these conflicting purposes. The specific exemptions contained in section (b)(7) represent the Congressional effort to fine-tune the procedures and the guidelines under which disclosure decisions would be made.

The Government claims the right to withhold the information in this case because the requested data was "compiled for law enforcement purposes" and disclosure would reveal "the identity of a confidential source."

It is undisputed that the information being withheld by the Government was compiled for law enforcement purposes. And, exemption 7 is not rendered unavailable by the termination of the active investigation relating to these documents, since a major purpose of the exemption is to encourage private citizens to furnish information by eliminating the risks that may arise if their identity were known. *See, Pope v. United States,* 599 F.2d 1383 at 1387 (5th Cir.1979). Therefore, the Government's reliance on the section 7 exemption is legitimate, at least to the extent that disclosure

would reveal the identity of confidential sources.

With respect to the materials supplied by Ms. Lagueux, it is difficult to understand the Government's interest in protecting the confidentiality of her identity as a source, since it is no secret that she was a source. On the other hand, it has been held that in order to justify the use of the "confidential source" exemption, the government agency need only establish that the information was given under an express assurance of confidentiality or in circumstances where such an assurance could be reasonably inferred. *See, Radowich v. U.S. Attorney, District of Maryland,* 658 F.2d 957 at 960 (4th Cir.1981); *Nix v. United States,* 572 F.2d 998 (4th Cir.1978).

The Government, by affidavit, has informed the court that Ms. Lagueux and the other employees were given express assurances that their identities would be held in confidence with respect to the information they provided during the investigation. Furthermore, the court notes that this is not a case arising under exemption 7(A), where the disclosure issue turns on the question whether revelation of the materials would interfere with an enforcement proceeding. If this were a section 7(A) case, the Government's position would certainly be less tenable. *See, NLRB v. Robbins Tire & Rubber,* 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978); *Charlotte-Mecklenburg Hospital Authority v. Perry,* 571 F.2d 195 at 202 (1978).

 Plaintiff argues that the Government has waived the exemption. Relying on *Dresser Industrial Valve Operations v. EEOC,* 28 FEP Cases 1819 (W.D.La.1982), plaintiff asserts it is entitled to obtain the documents because the Government has disclosed the contents of the statements being withheld. However, the instant case is distinguishable from *Dresser,* where plaintiff's counsel had been allowed to read from the documents at issue. In this case, it appears that the Compliance Officer disclosed the nature and substance of certain information supplied by Ms. Lagueux. Such disclosure does not constitute an irretrievable breach of the confidentiality rule amounting to waiver. *See, Dresser, supra* at 1819.

Therefore, it appears that the Government's assertion of the "confidential source" exemption is fully consistent with the purposes of FOIA. I am satisfied that there exist no genuine issues of material fact and that the Government is entitled to judgment on the FOIA issue as a matter of law.

### CONCLUSION

In accordance with the foregoing analysis, summary judgment will be entered for defendants and the case is dismissed.