**HOBART CORPORATION, Plaintiff,**

**v.**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Defendant.**

**No. C–3–80–326.**

United States District Court,
S.D. Ohio, W.D.

Aug. 22, 1984.

Gary L. Janus, Washington, D.C., John D. Sargent, E.E.O.C., Cleveland Dist. Office, Cleveland, Ohio, for defendant.

Daniel Hammer, Cleveland, Ohio, Frank Bazler, Troy, Ohio, for plaintiff.

DECISION AND ENTRY CONDITIONAL-LY SUSTAINING PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT ON ITEMS # 1, 8, 9, 10, 11, 12, 14, 17 AND 18, AND THEREBY CONDI-TIONALLY OVERRULING DE-FENDANT'S MOTION FOR SUMMA-RY JUDGMENT ON THESE ITEMS; PLAINTIFF'S MOTION FOR SUM-MARY JUDGMENT ON ITEMS # 4, 6, 13 AND 20 IS SUSTAINED, AND DEFENDANT'S MOTION FOR SUM-MARY JUDGMENT ON THESE ITEMS IS OVERRULED; PLAIN-TIFF'S MOTION FOR SUMMARY JUDGMENT IS OVERRULED ON ITEMS # 5, 15 AND 16, AND DE-FENDANT'S MOTION FOR SUMMA-RY JUDGMENT ON THESE ITEMS IS SUSTAINED; PLAINTIFF'S MO-TION FOR SUMMARY JUDGMENT ON ITEMS #·19 AND 21 IS SUS-TAINED IN PART AND OVER-RULED IN PART, AND DEFEND-ANT'S MOTION FOR SUMMARY JUDGMENT ON THESE ITEMS IS SUSTAINED IN PART AND OVER-RULED IN PART; SUPPLEMENTA-RY MEMORANDA REQUESTED; PLAINTIFF'S MOTION TO COMPEL DEEMED MOOT

RICE, District Judge.

This claim for disclosure of agency documents under the Freedom of Information Act, 5 U.S.C.A. § 552 (1977 and Supp.1983) (FOIA or Act), comes before this Court or cross motions for summary judgment, filed pursuant to Fed.R.Civ.P. 56(a) (docs. # 14 and # 15). Plaintiff alleges that the Defendant has failed to meet its burden of demonstrating the applicability of the claimed exemptions. In addition, Plaintiff offers various court decisions that are instructive as to whether the Court should apply the claimed exemptions. Defendant alleges that the requested documents are exempt from mandatory disclosure under 5 U.S.C.A. § 552(a)(2)(C), (b)(2), (b)(3), (b)(5), (b)(7)(A) and (b)(7)(E).

## I. FACTUAL BACKGROUND

By letter dated April 3, 1980, Plaintiff, pursuant to the FOIA, requested the following materials from Defendant's Cleveland District Director:

1) All materials related to interviews of prospective witnesses and/or employees of Plaintiff;

2) All documents related to the EEOC Commissioner's charge filed against Plaintiff;

3) The criteria used by the commission to identify potential respondents to a Commissioner's charge; and

4) Any other material relied upon to issue the Commissioner's charge against Plaintiff. (Affidavit of Nicolas M. Inzeo, Supervisory Attorney, Legal Counsel Division, Office of General Counsel, Equal Employment Opportunity Commission, doc. # 11 at 1) (Inzeo Affidavit).

Defendant's General Counsel responded by granting in part, denying in part, and neither granting nor denying in part Plaintiff's FOIA request. Plaintiff appealed the partial denial to the EEOC Chair, who denied the appeal on July 23, 1980. On August 11, 1980, Plaintiff filed this action seeking to enjoin Defendant from withholding the requested documents. Pursuant to this Court's Order of June 15, 1981 (doc. # 20), Defendant has submitted the withheld item for *in camera* inspection.

This ruling will refer to the claimed exemptions by subsection number or by number only. For example, the exemption provided for in 5 U.S.C.A. § 552(b)(5) will be referred to as (b)(5) or Exemption 5. The Court will refer to the documents at issue in this case by the number attached to each document by the Defendant in its Vaughn index. Items # 1, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 16, 17, 18, 19, 20, 21 and parts of 15 are at issue in these cross motions.

To preserve the secrecy of the disputed items for purposes of appellate review, the Court will refer to the items in general terms only.

## II. LEGAL STANDARDS

### A. SUMMARY JUDGMENT STANDARD

■ In ruling on these cross motions for summary judgment, the Court follows the standard set forth in Fed.R.Civ.P. 56(c). This rule, in pertinent part, provides that "[t]he judgment sought shall be rendered forthwith if the pleadings ... and ... affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In considering these motions, the court determines whether there are issues to be tried, but the Court cannot try disputed facts. *See Felix v. Young*, 536 F.2d 1126, 1130 (6th Cir.1976); *DePlanche v. Califano*, 549 F.Supp. 685, 687 (W.D.Mich.1982).

■ Even though both parties to this action, by moving for summary judgment, argue that no genuine issue of material fact exists, the Court still must review the materials appropriate for consideration under Fed.R.Civ.P. 56(c) to determine whether a genuine issue as to a material fact exists, *see Begnaud v. White*, 170 F.2d 323, 327 (6th Cir.1948), and whether each party has carried its burden under the summary judgment standard. Failure by a party to carry its burden does not automatically mean that the opposing party has satisfied the summary judgment test, and is therefore, entitled to a judgment as a matter of law; rather, the Court applies Fed.R.Civ.P. 56(c) to each party's motion separately and independently. *See* 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2720, at 17–25 (2d ed. 1983).

In the present case, the Court considers whether documents, withheld by the Defendant, qualify for statutory exemptions to the general statutory rule of mandatory disclosure. In effect, the legal sufficiency of Defendant's claim to exemption as a matter of law comes before this Court. Absent a dispute over material facts which bear on the legal sufficiency of Defendant's exemption claims, no triable issue arises. Accordingly, the Court may enter judgment after determining whether or not one of the enumerated exemptions applies to the submitted documents. *See* Schwarzer, *Judgment Under the Federal Rules: Defining Issues of Fact*, 99 F.R.D. 465, 484 (1984). *See generally McGehee v. CIA*, 697 F.2d 1095, 1101–02 (D.C.Cir.1983) *citing Founding Church of Scientology v. National Security Agency*, 610 F.2d 824, 836 (D.C.Cir.1979).

### B. FREEDOM OF INFORMATION ACT STANDARDS

Before ruling on the pending motions, the Court articulates the following well-established principles applicable to interpreting the FOIA and followed by this Court in ruling on these cross motions for summary judgment:

■ 1. The FOIA requires disclosure of requested material in the possession of federal agencies unless the requested material fits within one of the nine statutory exemptions. *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 221, 98 S.Ct. 2311, 2317, 57 L.Ed.2d 159 (1978); *N.L.R.B. v. Sears Roebuck & Co.*, 421 U.S. 132, 136, 95 S.Ct. 1504, 1509, 44 L.Ed.2d 29 (1975); *EPA v. Mink*, 410 U.S. 73, 80, 93 S.Ct. 827, 833, 35 L.Ed.2d 119 (1973); *VanBourg, Allen, Weinberg & Roger v. N.L.R.B.*, 728 F.2d 1270, 1272 (9th Cir.1984); *Kiraly v. FBI*, 728 F.2d 273, 276 (6th Cir.1984), *cert. denied sub nom Kiraly v. Clark*, —— U.S. ——, 104 S.Ct. 2171, 80 L.Ed.2d 554 (1984); 5 U.S.C.A. § 552(a). The Act is, therefore, to be broadly construed in favor of disclosure. *See Department of the Air Force v. Rose*, 425 U.S. 352, 366, 96 S.Ct. 1592, 1601, 48 L.Ed.2d 11 *citing Vaughn v. Rosen (Vaughn I )*, 484 F.2d 820, 823 (D.C.1973); *New England Apple Council v. Donovan*, 725 F.2d 139, 141 (1st Cir.1984); *J.P. Stevens & Co., Inc. v. Perry*, 710 F.2d 136, 139 (4th Cir.1983); *Alirez v. N.L.R.B.*, 676 F.2d 423, 425 (10th Cir.1982). *See also, N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. at 220, 98 S.Ct. at 2316; *E.P.A. v. Mink*, 410 U.S. at 79–80, 93 S.Ct. at 832, 833.

■ 2. Congress did not intend the FOIA to function as a tool of discovery for private parties. *See Baldrige v. Shapiro,* 455 U.S. 345, 360, 102 S.Ct. 1103, 1112, 71 L.Ed.2d 199 (1982); *N.L.R.B. v. Robbins,* 437 U.S. at 242, 98 S.Ct. at 2327; *Renegotiation Board v. Bannercraft Clothing Co.,* 415 U.S. 1, 24, 94 S.Ct. 1028, 1040, 39 L.Ed.2d 123 (1974); *Parton v. United States Department of Justice,* 727 F.2d 774, 777 (8th Cir.1984); *DePlanche v. Califano,* 549 F.Supp. 685, 693 (W.D.Mich.1982) *citing N.L.R.B. v. Hardeman Garment Corporation,* 557 F.2d 559 (6th Cir.1977). However, the Act makes material disclosable to any person regardless of need, purpose or status as a litigant. *See N.L.R.B. v. Sears Roebuck & Co.,* 421 U.S. at 143, 95 S.Ct. at 1513; *Parke, Davis & Co. v. Califano,* 623 F.2d 1, 7 (6th Cir.1980); *Hawkes v. Internal Revenue Service (Hawkes I),* 467 F.2d 787, 792 (6th Cir.1972). *See generally,* 1 O'Reilly, Federal Information Disclosure, § 5.04 (1978 and 1983 Supp.).

■ 3. The statutory exemptions must be narrowly construed in order to favor disclosure, the principal purpose of the FOIA. *See Department of Air Force v. Rose,* 425 U.S. at 361, 96 S.Ct. at 1599; *Vaughn v. Rosen (Vaughn II),* 523 F.2d 1136, 1422 (D.C.Cir.1975); *New England Apple Council v. Donovan,* 725 F.2d at 141; *J.P. Stevens & Co., Inc. v. Perry,* 710 F.2d at 139. *Jenks v. United States Secret Service,* 517 F.Supp. 307, 309 (D.C.Ohio 1981). *See also Werner-Continental, Inc. v. Farkas,* 478 F.Supp. 815, 816 (S.D.Ohio 1979) *aff'd* 661 F.2d 935 (6th Cir.1981) (Congressional policy behind FOIA is public access to government information). Courts may not balance equities in determining whether requested material must be disclosed. Instead, courts may consider only the concrete standards set forth in the exclusive nine exemptions. *See E.P.A. v. Mink,* 410 U.S. at 79, 93 S.Ct. at 832. *See also* 1 O'Reilly, *supra,* § 8.05.

■ 4. The agency withholding disclosure bears the burden of establishing the exempt status of the requested material. *See Federal Open Market Committee v.*

*Merrill,* 443 U.S. 340, 352, 99 S.Ct. 2800, 2808, 61 L.Ed.2d 587 (1979); *VanBourg, Allen, Weinberg & Roger v. N.L.R.B.,* 728 F.2d at 1272; *Kiraly v. F.B.I.,* 728 F.2d at 276; *Lykins v. United States Department of Justice,* 725 F.2d 1455, 1463 (D.C.Cir. 1984); *Doyle v. F.B.I.,* 722 F.2d 554, 555 (9th Cir.1983); *Coastal Gas Corp. v. Department of Energy,* 617 F.2d 854, 861 (D.C.Cir.1980); 5 U.S.C.A. § 552(a)(4)(B). *See also Jenks v. United States Secret Service,* 517 F.Supp. at 309. The agency must · present a detailed justification for withholding in order to carry its burden. *See Doyle v. F.B.I.,* 722 F.2d at 555–56; *Parke, Davis & Co.,* 623 F.2d at 7; *Mead Data Central, Inc. v. U.S. Department of Air Force,* 566 F.2d 242, 261–62 (D.C.Cir. 1977). Affidavits relied upon by the agency must not be merely conclusory. *See Doyle v. F.B.I.,* 722 F.2d at 555–56; *Parke, Davis & Co.,* 623 F.2d at 6–7; *Vaughn II,* 523 F.2d at 1146.

5. In order to preserve legislatively imposed boundaries on the enumerated exemptions, the FOIA provides for *de novo* judicial review of administrative determinations to withhold requested material. 5 U.S.C.A. § 552(a)(4)(B). *See E.P.A. v. Mink,* 410 U.S. 79, 93 S.Ct. at 832; *Jenks v. United States Secret Service,* 517 F.Supp. at 309. *See also Public Citizen Health Research Group v. F.D.A.,* 704 F.2d 1280, 1287 (D.C.Cir.1983); *See generally* 1 O'Reilly, *supra,* § 8.04.

With these principles in mind, the Court next considers whether there exists a genuine issue as to any material fact concerning either disclosure or exemption from disclosure of the requested items.

In the absence of Sixth Circuit standards for applying the claimed exemptions, this Court, in ruling on these motions, often looks to the standards used in the District of Columbia Circuit. The Court recognizes that Circuit's vast experience and expertise in interpreting and applying the FOIA.

### III. ITEMS AT ISSUE

#### A. ITEM #1

Item #1 is an intra-agency memorandum containing statistical data gathered by the

EEOC pursuant to its authority under Section 709 of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C.A. § 2000e–8. Defendant claims (b)(3), (b)(15), (b)(7)(A) and (b)(7)(E) apply to exempt this memorandum from mandatory disclosure.

■ Section 709(e) of Title VII, 42 U.S.C.A. § 2000e–8(e), provides that "[i]t shall be unlawful for any officer or employee of the Commission (EEOC) to make public in any manner whatever any information obtained by the Commission pursuant to its authority under [section 709] prior to the institution of any proceeding under this subchapter [Title VII] involving such information." Defendant contends that this prohibition satisfies (b)(3) which exempts "a matter specifically exempted from disclosure by statute ..., provided that such statute (A) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue, or (b) establishes particular criteria for withholding or refers to particular types of matter to be withheld." 5 U.S.C.A. § 552(b)(3).

The Court is not unmindful of the 1976 House Report which accompanied legislation that amended (b)(3) to its present form. *See* H.R.Rep. No. 94–880, Part I, 94th Cong.2d Sess. 23 (1976), *reprinted* in 1976 U.S.Code Cong. & Ad.News 2183, 2205 (1976). In that report the House Committee on Government Operations cited examples of statutes that could justify agency withholding under the amended (b)(3), including Section 709(e) of Title VII, 42 U.S.C.A. § 2000e–8(e). The language of the House Report that followed the cited example, however, described the Title VII statutory ban on disclosure as requiring the EEOC to withhold certain information relating to *informal conciliation and enforcement efforts. Id.* Item # 1, in contrast, clearly does not relate in any manner whatsoever to informal conciliation. In addition, the memorandum concerns, at most, an analysis of statistics relating to investigation, a step well short of enforcement efforts. For these reasons, the Court does not mechanically apply the legislative history and, thereby, deem the statutory ban as one that suffices for exemption under (b)(3). Instead, the Court carefully considers the Title VII ban on disclosure by employees of the agency as it applies to both the statutory language of (b)(3) and to the Plaintiff herein.

Exempting these statistical data from mandatory disclosure under (b)(3) requires the Court to construe Section 709(e) of Title VII, 42 U.S.C.A. § 2000e–8(e), as a (b)(3) blanket prohibition against disclosure, leaving no discretion with the agency. The agency itself, however, does not treat the statutory prohibition against disclosure as non-discretionary. According to EEOC regulations, Plaintiff constitutes a member of a class to whom information, collected pursuant to Section 709(c) of Title VII, *may be disclosed* by Defendant "if necessary, for securing appropriate relief." 29 C.F.R. § 1601.22 (1983). Applying this regulation, the enforcement scheme in Title VII, and applicable legislative history, the Supreme Court in *EEOC v. Associated Dry Goods Corp.,* 449 U.S. 590, 101 S.Ct. 817, 66 L.Ed.2d 762 (1981) concluded that the term "public" as used in Section 709(e) of Title VII, 42 U.S.C.A. § 2000e–8(e), the "public" being the group against whom the statutory ban on disclosure is directed, does not include charge respondents.[1] *Id.* at 598, 101 S.Ct. at 822. *See J.P. Stevens & Company, Inc. v. Perry,* 710 F.2d 136, 139–40 (4th Cir.1983); *Charlotte-Mecklenburg Hospital Authority v. Perry,* 571 F.2d 195, 198–99 (4th Cir.1978). Thus, the

---

1. The Court is not unmindful of the Supreme Court's admonition that "the question of how disclosure provisions apply ... [when the Commission itself brings charges] is not before the court." *EEOC v. Associated Dry goods Corp.,* 449 U.S. at 593, 101 S.Ct. at 819. This Court, however, sees no reason not to apply, in the present context, the Supreme Court's exclusion of charge respondents from the statutory definition of "public". *See J.P. Stevens & Company, Inc. v. Perry,* 710 F.2d 136, 137, 139–40 (4th Cir.1983) (court followed *EEOC v. Associated Dry Goods Corp.,* in excluding charge respondents from definition of "public" when EEOC had filed charge of discrimination against an employer who sought disclosure, under the FOIA, of documents related to said charge).

Title VII ban on disclosure by employees of the agency does not meet the (b)(3)(A) non-discretionary standard with reference to charge respondents. Accordingly, (b)(3)(A) does not exempt Item #1 from mandatory disclosure to the Plaintiff herein. In addition, the statutory prohibition on disclosure does not by statute "establish particular criteria for withholding or refer to particular types of matter to be withheld" as required by (b)(3)(B), an alternative route to exemption.[2]

Plaintiff also argues that the disclosure ban only applies *before* "the institution of any proceeding under ... [Title VII] involving such ... information." 42 U.S.C.A. 2000e–8(e), and that a charge of systemic discrimination constitutes the institution of such proceeding. Since the Court finds as a matter of law that (b)(3) does not apply to Item #1 for the reasons set forth above, the Court does not need to decide either whether an EEOC charge constitutes the "institution of a proceeding ...," under 42 U.S.C.A. § 2000e–8(e), or whether the ban on disclosure ceased to apply when the EEOC charged the Plaintiff herein with systemic discrimination.

Finding no genuine issue as to any material fact with regard to Item #1 and the (b)(3) exemption, the Court concludes that the exemption does not apply.

■ Defendant also claims exemption of Item #1 under 5 U.S.C.A. § 552(b)(5), which permits withholding of an "interagency or intra-agency memorandum or letter which would not be available by law to a party other than an agency in litigation with the agency." *Id.*[3] This exemption, like the discovery provisions of Fed.R.Civ.P. 26, does not protect documents recounting or reporting fact. *See E.P.A. v. Mink,* 410 U.S. 73, 88–91, 93 S.Ct. 827, 836–838, 35 L.Ed.2d 119 (1973); *Mead Data Central, Inc. v. United States Department of Air Force,* 575 F.2d 932, 934 (D.C. Cir.1978); *Burke Energy Corp. v. Department of Energy for U.S.,* 583 F.Supp. 507, 513 (D.Kansas 1984); *Firestone Tire & Rubber Co. v. Coleman,* 432 F.Supp. 1359, 1369–70 (N.D.Ohio 1976); *M.A. Shapiro v. SEC,* 339 F.Supp. 467, 470 (D.C.Cir.1972) *citing Bristol-Myers Co. v. Federal Trade Commission,* 424 F.2d 935, 939 (D.C.Cir.) *cert. denied* 400 U.S. 824, 91 S.Ct. 46, 27 L.Ed.2d 52 (1970). *See generally,* 2 O'Reilly, *supra* § 15.05. Rather, the exemption protects the free flow of pre-decisional ideas within an agency from the chill of public scrutiny. *See E.P.A. v. Mink,* 410 U.S. at 87, 93 S.Ct. at 836 *citing* S.Rep. No. 813, 89th Cong. 1st Sess. 9 (1965); *Brush Wellman, Inc. v. Department of Labor,* 500 F.Supp. 519, 522 (N.D.Ohio 1980). *See also Afshar v. Department of State,* 702 F.2d 1125, 1142–43 (D.C.Cir.1983); *Schlefer v. United States,* 702 F.2d 233, 237–44 (D.C.1983).

Circuit courts have exempted from disclosure under (b)(5) summaries of facts prepared by staff assistants for the reason that the selection of what facts to include in the summary constituted part of the

---

2. For examples of statutes that prohibit disclosure and do qualify as withholding statutes under the (b)(3) exemption, *see Baldrige v. Shapiro,* 455 U.S. 345, 102 S.Ct. 1103, 71 L.Ed.2d 199 (1982) (confidentiality provisions of Census Act, 13 U.S.C.A. § 8 and § 9 (1984 Supp.)); *Medina-Hincapie v. Department of State,* 700 F.2d 737 (D.C.Cir.1983) (confidentiality provision of Immigration and Nationality Act, 8 U.S.C.A. § 1202(f)); *White v. I.R.S.,* 707 F.2d 897 (6th Cir.1983) (section of Internal Revenue Code governing confidentiality and disclosure of returns and return information, 26 U.S.C.A. § 6103 (1980 and 1984 Supp.)); *Heinsohn v. I.R.S.,* 553 F.Supp. 791 (E.D.Tenn.1982) (same). *See also Linsteadt v. I.R.S.,* 729 F.2d 998 (5th Cir.1984).

3. In *E.P.A. v. Mink,* 410 U.S. at 86, 93 S.Ct. at 835, the Supreme Court stated that "this [ (b)(5) ] language clearly contemplates that the public is entitled to all such memoranda or letters that a private party could discover in litigation with the agency." In a recent decision, one district court has said that the objective factual information contained in EEO–1 reports is unquestionably discoverable by individual plaintiffs in discrimination actions. *Witten v. A.H. Smith & Co.,* 100 F.R.D. 446, 449, 33 FEP Cases 1238, 1241 (D.Md.1984). For recent discussions of civil discovery privileges and Exemption 5, *see generally, United States v. Weber Aircraft Corp.,* —— U.S. ——, 104 S.Ct. 1488, 79 L.Ed.2d 814 (1984); *F.T.C. v. Grolier,* 462 U.S. 19, 103 S.Ct. 2209, 76 L.Ed.2d 387 (1983).

decision-making process. *See, e.g., Brockway v. Department of Air Force,* 518 F.2d 1184, 1194 (8th Cir.1975); *Montrose Chemical Corporation of California v. Train,* 491 F.2d 63, 66–71 (D.C.Cir.1974). The D.C. Circuit has exempted staff summaries of views or opinion held by others. *Mead Data Central, Inc. v. United States Department of Air Force,* 566 F.2d 242, 256–57 (D.C.Cir.1977).[4]

Recently, the District of Columbia Circuit combined the standards previously applied to the (b)(5) exemption and announced a clear-cut test for its application. The court held that, under the (b)(5) deliberative process privilege, *inter alia,* documents must be " 'deliberative' in nature, reflecting the 'give-and-take' of the deliberative process and containing opinions, recommendations or advice about agency policy." *Paisley v. CIA,* 712 F.2d 686, 698 (D.C.Cir. 1983), parts unrelated to this cause of action vacated and remanded, 724 F.2d 201 (D.C.Cir.1984). *See Arthur Andersen & Co. v. I.R.S.,* 679 F.2d 254, 257 (D.C.Cir. 1982). The Sixth Circuit has endorsed the elements used in formulating the (b)(5) test announced in *Paisley. See Parke, Davis & Co. v. Califano,* 623 F.2d 1, 6 (6th Cir. 1980). The circuit court in *Paisley* reiterated the general rule that *facts* must be disclosed, *see E.P.A. v. Mink,* 410 U.S. at 88–91, 93 S.Ct. at 836–838, and the court cautioned that exceptions to its test should be applied so as not to undermine the rule. *Paisley v. CIA,* 712 F.2d at 698–99.[5] *See also Vaughn II,* 523 F.2d at 1144; *Moore-*

*McCormack Lines, Inc. v. I.T.O. Corp. of Baltimore,* 508 F.2d 945, 948–49 (4th Cir. 1974).

In Item # 1, the author responds to, in the words of the memorandum, a "request for information". Contrary to the conclusions concerning the contents of Item # 1 as expressed in the affidavit submitted by the Defendant (doc. # 11 at 5), this memorandum contains only factual reporting without opinion, recommendation or advice. Thus, under the *Mink* rule as refined by the court in *Paisley,* no genuine issue arises. As a matter of law, the (b)(5) exemption does not permit the EEOC to withhold disclosure of Item # 1.

Defendant's final exemption claim rests on (b)(7)(A) and (E). These sections provide for the exemption of "investigatory records compiled for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, ... [or] (E) disclose investigative techniques and procedures." 5 U.S.C.A. § 552(b)(7)(A) and (E). The definition of investigatory record compiled for law enforcement purposes, however, precludes the application of this exemption to Item # 1. In *Sears, Roebuck and Co. v. General Services Administration,* 509 F.2d 527, 529–30 (D.C.Cir.1974), the court "distinguished between records compiled as part of a routine monitoring procedure and records compiled as part of 'investigations which focus on specifically

---

4. For recent applications of the general rule that disclosure of factual summaries prepared for *informational purposes* will not reveal deliberative processes and thus should be disclosed, *see ITT World Communications, Inc. v. F.C.C.,* 699 F.2d 1219, 1239 (D.C.Cir.1983), *reversed and remanded on unrelated grounds,* — U.S. —, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984); *Playboy Enterprises, Inc. v. Dep't of Justice,* 677 F.2d 931, 935–36 (D.C.Cir.1982).

5. This Court recognizes that it is applying case law decided in 1983, while a ruling on these cross motions was pending. In the absence of circumstances that militate against applying the *Paisley* test retrospectively, the Court uses this refinement of the (b)(5) standard. For the requirements of non-retroactivity, *see Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349,

355–56, 30 L.Ed.2d 296 (1971); *Lamore v. Inland Div. of General Motors Corp.,* 550 F.Supp. 1005, 1012–13 (S.D.Ohio 1982), *aff'd,* 714 F.2d 140 (6th Cir.), *cert. denied,* — U.S. —, 104 S.Ct. 401, 78 L.Ed.2d 342 (1983). This Court realizes that the Defendant did not have an opportunity to address the recently decided cases, and, therefore, does not find that the Defendant failed to demonstrate the existence of a genuine issue as to the nexus between the memorandum and the deliberative process. Rather, the Court quite simply finds that the absence of opinion, recommendation or advice in the memorandum means, as a matter of law under the *Paisley* standard, means that the memorandum cannot qualify for the (b)(5) deliberative process exemption.

alleged illegal acts,'" holding that the former records do not constitute "investigatory records" for purposes of (b)(7). *Id.* at 529 *citing Rural Housing Alliance v. U.S. Department of Agriculture,* 498 F.2d 73, 81 (D.C.Cir.1974). *See also Center for National Policy Review on Race and Urban Issues v. Weinberger,* 502 F.2d 370, 373–74 (D.C.Cir.1974); *Windels, Marx, Davis & Ives v. Department of Commerce,* 576 F.Supp. 405, 413 (D.C.D.C.1983); *Goldschmidt v. United States Department of Agriculture,* 557 F.Supp. 274, 276–77 (D.C. Cir.1983); *Hatcher v. United States Postal Service,* 556 F.Supp. 331, 334–35 (D.C.D.C. 1982); *Gregory v. Federal Deposit Insurance Corp.,* 470 F.Supp. 1329, 1333–34 (D.C.D.C.1979), *rev'd in part on unrelated grounds,* 631 F.2d 896 (D.C.Cir.1980). *Nationwide Mutual Insurance Co. v. Friedman,* 451 F.Supp. 736, 746 (D.Md.1978). Since the data for this memorandum come from records compiled as part of a routine monitoring procedure, the memorandum fails to come within the ambit of "investigatory records compiled for law enforcement purposes" under (b)(7). Item # 1, therefore, does not meet the test for exemption under (b)(7).

Since no genuine issue as to any material fact exists with regard to Item # 1 and the claimed exemptions, the Court overrules Defendant's motion for summary judgment on this item, and, in so doing, sustains Plaintiff's motion for summary judgment. The Defendant shall disclose Item # 1 subject to further ruling by this Court in accordance with Part IV *infra.*

### B. ITEM # 4

■ Item # 4 is an inter-agency memorandum. Defendant's claim of exemption under (b)(5) fails, because the memorandum recites only facts; it does not contain opinion, recommendation, or advice as required by the deliberative process privilege. *See Paisley v. CIA,* 712 F.2d at 698. *See also* discussion on Item # 1, exemption (b)(5), *supra.* No genuine issue as to any material fact exists with regard to this exemption; as a matter of law, it does not apply.

■ Defendant also contends that (b)(7)(A) and (E) apply to Item # 4, exempting it from disclosure. As noted above, (b)(7) only applies to investigatory records compiled for law enforcement purposes. Routine monitoring reports do not constitute investigatory records under (b)(7). *See* discussion of Item # 1, exemption (b)(7), *supra.* From the indicia contained in the Item # 4 memorandum, the coordinated information apparently concerns routine monitoring and compliance reports. Therefore, as a matter of law, the memorandum fails to qualify for the exemption. The Defendant has failed to demonstrate that a genuine issue exists with regard to including the Item # 4 contents within the definition of "investigatory records compiled for law enforcement purposes."

■ Finally, Defendant asserts that (b)(2) exempts Item # 4 from disclosure. In the absence of a recent Sixth Circuit interpretation of the requirements for a (b)(2) exemption in these circumstances, *see* discussion of Item # 19, exemption (b)(2), *infra,* the court applies the test used in the District of Columbia Circuit. Said test requires that, for exemption of an agency's internal practices, *inter alia,* disclosure of the requested document must significantly risk circumvention of agency regulations or statutes. *Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d 1051, 1074 (D.C.Cir.1981). *See also Department of the Air Force v. Rose,* 425 U.S. 352, 364–67, 96 S.Ct. 1592, 1600–02, 48 L.Ed.2d 11 (1976).

■ In the instant case, the court cannot envision any circumstances under which disclosure of this agency practice could risk circumvention of agency regulations or statutes. The Defendant has failed to demonstrate that any issue exists concerning disclosure of Item # 4 and the required risk of circumvention.

Finding no genuine issue as to any material fact, the Court sustains Plaintiff's motion and overrules Defendant's motion with reference to Item # 4, and thereby, orders disclosure of said item.

### C. ITEM # 5

Defendant rests its claim for exemption of Item # 5, a memorandum identifying the names and addresses of possible witnesses connected with the charge of discrimination against Plaintiff, on (b)(7)(A) and (E). Since this Court finds as a matter of law that (b)(7)(A) properly applies to exempt Item # 5, the Court sustains Defendant's motion to withhold Item # 5 and overrules Plaintiff's motion for disclosure of same. The Court does not consider Defendant's alternative grounds for exemption, (b)(7)(E).

Entering summary judgment for Defendant on Item # 5 under (b)(7)(A), requires the Court to indisputably find the following elements:

1) investigatory records compiled for law enforcement purposes; and

2) production that would interfere with enforcement proceedings. 5 U.S.C.A. § 552(b)(7)(A). *See also FBI v. Abramson*, 456 U.S. 615, 622, 102 S.Ct. 2054, 2059, 72 L.Ed.2d 376 (1982).

■ With regard to the first element, the Court notes that the Defendant compiled these names not as a routine matter, but as part of its investigation of alleged illegal acts. The memorandum contents, therefore, qualify as investigatory records compiled for law enforcement purposes. *See Sears, Roebuck and Co. v. General Services Administration*, 509 F.2d at 529; discussion on Item # 1, exemption (b)(7), *supra. See also Forrester v. United States Department of Labor*, 433 F.Supp. 987, 988 (S.D.N.Y.1977), *aff'd*, 591 F.2d 1330 (2d Cir.1978).

■ In considering the second element of the (b)(7)(A) exemption, the Court observes that the existence of a connection between investigation and enforcement proceedings becomes a particularly important point in the context of the EEOC, an agency without administrative enforcement power. Simply stated, the question is as follows: does an investigation which may *vel non* result in the filing of a cause of action against an employer in federal court meet the nexus required by (b)(7)? Although the circumstances of this case may present the outer limits of that nexus, the Court, in following recent case law as set forth below, finds that the Defendant has demonstrated the necessary connection.

In *N.L.R.B. v. Robbins Tire and Rubber Company*, 437 U.S. 214, 225, 98 S.Ct. 2311, 2318, 57 L.Ed.2d 159 (1978), the Supreme Court permitted the N.L.R.B. to withhold, prior to unfair labor practices hearings, witness statements taken by Board investigators. *Id.* at 243, 98 S.Ct. at 2327. In that case, a hearing was scheduled within one month of the FOIA request; thus, a clear connection existed between the investigation and enforcement proceedings. As the Plaintiff points out, these facts do differ from the case at bar in view of the lack of an imminent enforcement proceeding herein. However, the *N.L.R.B. v. Robbins Tire and Rubber* holding does not rest on the imminence of an enforcement proceeding. As the Supreme Court said, "the vast majority of the Board's unfair labor practice proceedings are resolved short of hearing, without any need to disclose witness statements." *Id.* at 241, 98 S.Ct. at 2326.

Similarly, the Supreme Court in *FBI v. Abramson*, 456 U.S. at 621, 102 S.Ct. at 2059, observed that Congress intended Exemption 7 to prevent premature disclosure of investigatory materials which *might* be used in a law enforcement action. *See ABC Home Health v. United States Department of Health*, 548 F.Supp. 555, 558 (N.D.Ga.1982). *But see Committee on Masonic Homes, etc. v. N.L.R.B.*, 556 F.2d 214, 219 (3d Cir.1977) (" 'law enforcement purposes' must relate to some type of formal proceeding, and one that is pending").

This Court is not unmindful of the 1974 Amendment to (b)(7) that addressed Congressional displeasure with several District of Columbia Circuit decisions which, in interpreting the unamended (b)(7), permitted agencies to withhold broadly defined categories of investigatory materials. For a description of this legislative history *see Poss v. N.L.R.B.*, 565 F.2d 654, 657 (10th Cir.1977); *Charlotte-Mecklenburg Hospi-*

*tal Authority v. Perry*, 571 F.2d at 201–02. However, this Court, in applying recent interpretations of the amended (b)(7), finds that the *potential* for bringing a law enforcement action in federal court suffices to come within the statutory language.

■ The interference referred to in the (b)(7)(A) exemption provision need not be related to a particular proceeding. Interference of a more general nature is adequate. *N.L.R.B. v. Robbins Tire and Rubber Co.*, 437 U.S. at 223–24, 98 S.Ct. at 2317–18. The Inzeo affidavit documents the agency's fear that witnesses to alleged discriminatory practices would not cooperate with government investigators if these witnesses knew that their names would be released. (doc. # 11 at 6). *See also Kiraly v. F.B.I.*, 728 F.2d at 278.

■ This Court concludes that the chill from releasing the identity of possible witnesses to a discrimination charge at the investigatory stage rises to the level of "interference" that warrants exemption under the statute.

The legislative history of the FOIA also buttresses the Court's conclusion. At the time of passage of the FOIA, Senator Humphrey expressed his concern about agency witness chill in the context of unfair labor practice complaints. "In direct response to what he described as Senator Humphrey's 'valuable suggestion', Senator Long offered an amendment [accepted in an unusual post passage reconsideration vote] resulting in the version of Exemption 7 that actually passed, which Senator Humphrey agreed would 'take care of the situation.'" *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. at 225–26, 98 S.Ct. at 2318–19, *citing* H.R.Rep. No. 1497, 89th Cong.Sess. (1966) and S.Rep. No. 813, 89th Cong., 1st Sess. (1965), U.S.Code Cong. & Admin.News 1966, 2418 *reprinted* in Freedom of Information Act Source Book, Subcommittee on Administrative Practice and Procedure, Senate Judiciary Committee, S.Doc. No. 93–82 at 110–11 (1974) (1974 Source book). Citing this legislative history, noting that labor litigation witnesses are particularly susceptible to fear of em-

ployer pressure, and agreeing with the majority of circuits, the Supreme Court in *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. at 240–243, 98 S.Ct. at 2326–2327, held that Exemption 7(A) permits the N.L. R.B. to withhold witness statements prior to unfair labor practices hearings. *See also Fotomat Corp. v. N.L.R.B.*, 573 F.2d 959, 960 (6th Cir.1978); *Baptist Memorial Hospital v. N.L.R.B.*, 568 F.2d 1 (6th Cir. 1977); *N.L.R.B. v. Hardeman*, 557 F.2d 559, 561 (6th Cir.1977); *Title Guarantee Co. v. N.L.R.B.*, 534 F.2d 484, 491–93 (2d Cir.) *cert. denied* 429 U.S. 834, 97 S.Ct. 98, 50 L.Ed.2d 99 (1976); *Forrester v. U.S. Department of Labor*, 433 F.Supp. at 989. Using similar logic, this Court holds that the identities of possible witnesses to an EEOC investigation should receive the same protection. *See J.P. Stevens & Company, Inc. v. Perry*, 110 F.2d at 142–43.

As a secondary consideration, the Court recognizes case law which cautions against the use of the FOIA as a tool of discovery. *See Renegotiation Board v. Bannercraft Clothing Co.*, 415 U.S. at 24, 94 S.Ct. at 1040. This concern centers around the policy of permitting the government to develop its best case without charge respondents acquiring advance knowledge and, thereby, prematurely constructing defenses against the charge. *See N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. at 241, 98 S.Ct. at 2326; *New England Medical Center Hosp. v. N.L.R.B.*, 548 F.2d 377, 382–83 (1st Cir. 1976); *Title Guarantee Co. v. N.L.R.B.*, 534 F.2d at 491; *N.L.R.B. v. Hardeman Garment Corp.*, 557 F.2d at 562; Inzeo Affidavit doc. # 11 at 5–6.

Within the confines of Defendant's supporting affidavit and motion for summary judgment, this Court finds no genuine issue concerning Item # 5. Accordingly, the Court sustains Defendant's motion to exempt Item # 5 from disclosure under (b)(7)(A) and, thereby, overrules Plaintiff's motion as to this Item.

### D. ITEM # 6

Defendant claims exemption of Item # 6 on the basis of (b)(3), (b)(5), (b)(7)(A) and

(E). In Item # 6, a letter, the writer requested statistical information used as a basis of the charge made against the Plaintiff herein.

 The (b)(3) exemption does not apply. Since the respondent (Plaintiff herein) does not constitute a member of the "public", the object class of the disclosure ban, 42 U.S.C.A. § 2000e–8(e), the statutory ban fails to meet the non-discretionary standard required by (b)(3). *See* discussion of Item # 1, exemption (b)(3), *supra.* Furthermore, the letter does not contain opinion, recommendation or advice as required by (b)(5), the deliberative process privilege. *See* discussion on Item # 1, exemption (b)(5), *supra.* Therefore, (b)(5) does not apply. The data requested come from routine monitoring reports and, thus, they may not be withheld as investigatory records pursuant to (b)(7). *See* discussion of Item # 1, exemption (b)(7), *supra.*

For the foregoing reasons, no genuine issue exists concerning the disclosure of Item # 6. Since no exemption applies, as a matter of law, the Court sustains Plaintiff's motion and overrules Defendant's motion with regard to this Item. Accordingly, the Court orders disclosure of Item # 6.

### E. ITEMS # 8 AND # 11

Items # 8 and # 11 are identical statistical reports. The EEOC, for reasons not clear to this Court, lists them separately in its Vaughn Index. Defendant claims that (b)(3) exempts Item # 8, and (b)(3) and (b)(7)(E) exempt Item # 11. These items served as a basis for charging the Plaintiff with discrimination. The items contain statistical information drawn from confidential, routine monitoring reports.

 As previously discussed, (b)(3) does not apply to information that 42 U.S.C.A. § 2000e–8(e) bans EEOC employees from disclosing. Thus, (b)(3) does not apply to these items. *See* discussion of Item # 1, exemption (b)(3) *supra.* Exemption 7 does not apply to routinely collected monitoring reports, the source of these statistical compilations, since the routine reports do not constitute investigatory records.

*See* discussion of Item # 1, exemption (b)(7) *supra.*

For the reasons cited above, the Court overrules Defendant's motion on Items # 8 and # 11 and sustains Plaintiff's motion with regard to these items. As a matter of law, these statistics shall be disclosed, subject to Part IV *infra.*

### F. ITEM # 9

 Item # 9 contains a statistical analysis of data reported by Plaintiff in its EEO–1 reports. Defendant asserts exemption under (b)(5), (b)(7)(A) and (E). Since this item does not contain opinion, recommendation or advice, it fails the (b)(5) test. *See* discussion of Item # 1, exemption (b)(5) *supra.* The item also fails to qualify as an investigatory record compiled for law enforcement purposes, the threshold requirement for exemption under (b)(7). *See* discussion of Item # 1, exemption (b)(7) *supra.* Accordingly, the Court overrules Defendant's Motion and sustains Plaintiff's Motion with respect to Item # 9, thereby ordering disclosure of said Items, subject to Part IV *infra.*

### G. ITEM # 10

 Item # 10 also contains statistical analysis of data derived from routine monitoring reports. Defendant asserts that exemptions (b)(3), (b)(7)(A) and (E) apply. As previously discussed, the statutory prohibition against disclosure to the public does not apply to this Plaintiff; thus, (b)(3) does not exempt the item from disclosure. *See* discussion of Item # 1 exemption (b)(3) *supra.* This information comes from routine monitoring reports. In the absence of investigatory records, (b)(7) does not apply. *See* discussion of Item # 1, exemption (b)(7) *supra.* For these reasons, the Court sustains Plaintiff's motion and overrules Defendant's motion with regard to Item # 10; the Court orders disclosure of Item # 10, subject to Part IV *infra.*

### H. ITEM # 12

 Item # 12 contains statistical data and analysis, in narrative form, or job utilization. Defendant contends that (b)(5),

(b)(7)(A) and (E) exempt these items. Since Item # 12 concerns only statistical facts and comparisons without opinion, recommendation or advice, (b)(5) does not apply. *See* discussion of Item # 1, exemption (b)(5) *supra.* The sources of these data, routine monitoring reports and publicly available information, fall outside the definition of investigatory records under (b)(7). *See* discussion of Item # 1, exemption (b)(7) *supra.* For these reasons, the Court sustains Plaintiff's motion and overrules Defendant's motion on Item # 12, thereby ordering disclosure of Item # 12, subject to Part IV *infra.*

### I. ' ITEM # 13

■ Item # 13 is a memorandum identifying a source of statistical data that could serve as one of many standards against which to compare an employer's work force. Defendant contends that (b)(5), (b)(7)(A) and (E) apply to exempt this memorandum. The only advisory elements of the memorandum refer to the usefulness of the source to field officers and its monetary value. These elements are not, however, "deliberative in nature." The memorandum reflects "no 'give and take' of the deliberative process." *See Paisley v. CIA,* 712 F.2d at 698. According to the *Paisley* requirements, this memorandum does not qualify for (b)(5) protection. *See id.*

■ Since the memorandum concerns publicly available data, it does not constitute an investigatory record. Therefore, (b)(7) does not permit the Defendant to withhold it from disclosure. The Court overrules Defendant's motion and sustains Plaintiff's motion concerning Item # 13, thereby ordering disclosure of Item # 13.

### J. ITEM # 14

■ Item # 14, a magazine article, contains statistical information upon which the Defendant, in part, based its charge against Plaintiff. Defendant claims exemption under (b)(7)(A) and (E). This privately published and widely circulated magazine article was not created as part of an agency inquiry into allegedly illegal conduct. *See* 1 O'Reilly *supra,* § 17.05 at 17–18 (1983). Thus, the article does not fit within the definition of "investigatory records compiled for law enforcement purposes", and it fails, therefore, to qualify for exemption under (b)(7). The Court sustains Plaintiff's motion and overrules Defendant's motion concerning Item # 14. The Court orders Defendant to disclose said Item, subject to Part IV *infra.*

### K. ITEMS # 15 AND # 16

■ Items # 15 and # 16 contain allegations of discrimination made by Plaintiff's former employees and used as a basis for issuing the charge against Plaintiff. Under the analysis applied to Item # 5, a memorandum confirming the identity and addresses of possible witnesses, this Court finds that (b)(7)(A) exempts from disclosure Item # 15, a memorandum reporting interviews with charging parties, and Item # 16, the actual charges of discrimination filed with the EEOC by former employees. See discussion of Item # 5, exemption (b)(7)(A) *supra.*

This Court is not unmindful of the conclusion reached by the Fourth Circuit in *Charlotte-Mecklenburg Hospital Authority v. Perry,* 571 F.2d at 202, i.e., that the district court did not abuse its discretion in releasing statements made by former employees to the EEOC. The Fourth Circuit carefully noted, however, that the district court based its decision on an *in camera* examination of the former employees' affidavits, and that the EEOC argued only for *per se* non-disclosure, rather than contending that disclosure would have a chilling effect on present employees or interfere with the investigation. In affirming the district court's order, the Fourth Circuit also rejected a line of appellate court cases which had interpreted Exemption 7 to permit general withholding of witness statements prior to N.L.R.B. hearings. Only a few months after the *Charlotte-Mecklenburg Hospital Authority v. Perry* decision, the Supreme Court affirmed the position

adopted by the appellate cases and rejected by the Fourth Circuit.[6]

In the instant case, the *in camera* examination of one of the affidavits charging discrimination clearly illustrates a specific potential chilling effect on either present or former employees from disclosure of their statements.

On a more general level, the EEOC asserts its fear that witnesses will not cooperate if their statements may be revealed at the investigatory stage (Inzeo Affidavit, doc. # 11 at 6). Thus, under either the specific or the general test of interference with enforcement proceedings in the EEOC context, these charges and interviews may be withheld by the Defendant.

Since this Court concludes that (b)(7)(A) applies to Items # 15 and # 16, thereby exempting them from mandatory disclosure, the Court does not address Defendant's arguments for exemption of Item # 15 under (b)(3) or of Items # 15 and # 16 under (b)(7)(E). The Court sustains Defendant's motion and overrules Plaintiff's motion with regard to Items # 15 and # 16.

### L. ITEM # 17

▇ Item # 17 contains statistical data, analysis, and a ranking of employment profiles. Defendant seeks exemption under (b)(3) and (b)(7)(A). As previously discussed, (b)(3) does not apply since the EEOC employee ban on disclosure is discretionary. *See* discussion of Item # 1, exemption (b)(3) *supra*. The statistical ranking does not focus on any specific allegation of an illegal act and, from all appearances, comes from routine monitoring reports. It, therefore, does not constitute an investigatory record compiled for law enforcement purposes, the threshold requirement for exemption under (b)(7). *See* dis-

cussion of Item # 1, exemption (b)(7) *supra* and Item # 14, exemption (b)(7) *supra*. Accordingly, the Court overrules Defendant's motion for summary judgment on Item # 17 and sustains Plaintiff's motion for summary judgment on this item. The Court orders disclosure of Item # 17, subject to Part IV *infra*.

### M. ITEM # 18

▇ Item # 18, an appendix, contains statistical information concerning Plaintiff's work force. Specifically, the appendix presents the percentages of whites, blacks and women in target occupations. Defendant claims exemption of Item # 18 under (b)(5), (b)(7)(A) and (E).

As previously discussed, (b)(5) does not exempt factual data in the absence of opinion, recommendation or advice. *See* discussion of Item # 1, exemption (b)(5) *supra*. Since this appendix contains only statistical data, the deliberative process privilege expressed in (b)(5) does not apply.

▇ As in Items # 14 and # 17, these percentages, apparently culled from routine monitoring reports, do not constitute investigatory records compiled for law enforcement purposes. Thus, they do not qualify for exemption under (b)(7). *See* discussions of Item # 1, exemption (b)(7) *supra* and Item # 14, exemption (b)(7) *supra*. The Court overrules Defendant's motion with regard to Item # 18 and sustains Plaintiff's motion on this item. The Court further orders disclosure of Item # 18, subject to Part IV *infra*.

### N. ITEM # 19

Item # 19 contains Session III of Defendant's Systemic Training Manual. The Defendant has made available to the public

---

**6.** The Fourth Circuit in *Charlotte-Mecklenburg Hospital Authority v. Perry*, 571 F.2d at 201, cited *Robbins Tire & Rubber Co. v. N.L.R.B.*, 563 F.2d 724 (5th Cir.1977) as authority for the proposition that records of an open N.L.R.B. investigation are not *per se* non-disclosable prior to hearings. The Supreme Court, however, reversed the Fifth Circuit decision in *Robbins Tire* and permitted general non-disclosure of witness statements prior to N.L.R.B. hearings.

The Court concluded that a federal court may determine "with respect to particular *kinds* of enforcement proceedings, that disclosure of particular *kinds* of investigatory records while a case is pending would generally 'interfere with enforcement proceedings.' " (emphasis added) *N.L.R.B. v. Robbins Tire & Rubber Co.*, 437 U.S. at 236, 98 S.Ct. at 2324 *citing* 5 U.S.C.A. § 552(b)(7)(A). See discussion of Item # 5, exemption (b)(7)(A) *supra*.

other sections, with the exception of Sessions III and IV (Items # 19 and # 20 herein), that concern investigations of systemic discrimination. (Inzeo Affidavit, doc. # 11 at 3). Session III contains instructions on target selection and analysis as well as a bibliography for use in analyzing labor markets. Defendant contends that § 552(a)(2)(C), which provides, *inter alia,* for disclosure of "administrative staff manuals and instructions to staff that affect a member of the public", does not apply to Session III, since Session III deals with law enforcement matters and not administrative matters, the latter being the concern of the statute.

The Sixth Circuit announced the test for excluding law enforcement manuals from the mandatory disclosure under (a)(2)(C) in *Hawkes v. Internal Revenue Service,* 467 F.2d 787 (6th Cir.1972) (*Hawkes I*) *remanded and affirmed,* 507 F.2d 481 (6th Cir.1974) (*Hawkes II*). Only "information, which, if known to the public, would *significantly impede* the enforcement process" falls outside (a)(2)(C), said the Sixth Circuit. *Hawkes I,* 467 F.2d at 795. Enforcement is affected *only* when information is made available which allows persons simultaneously to violate the law and to avoid detection. *Id. See Hawkes II,* 507 F.2d at 483. Applying this test to portions of the Internal Revenue Manual and the Return Classifier's Handbook, the Sixth Circuit mandated disclosure of guidelines which I.R.S. agents are to follow in determining which tax returns to audit and which items on a return deserve social scrutiny. One example of a manual paragraph ordered disclosed by the court listed the average ratio of corporate officers' salaries to gross

income in various types of businesses as a guide to the reasonableness of deductions for salaries. *Hawkes II,* 507 F.2d at 484. The Sixth Circuit observed that:

> Far from impeding the goals of law enforcement, in fact, the disclosure of information clarifying an agency's substantive or procedural law serves the very goals of enforcement by encouraging knowledgeable and voluntary compliance with the law. Such clarifying information is found ... in many cases in manuals and instructions like those sought here which are addressed specifically to agency personnel. It may be found in the criteria for investigative action; in standards for evaluation and so forth. Materials providing such information are administrative in character and clearly discloseable under (a)(2)(C). *Hawkes I,* 467 F.2d at 795.

In the instant case, the criteria used for selecting targets reflect the EEOC's approach to the enforcement of civil rights laws. Such information clarifies the Defendant's own interpretation of its legislative mandate and fits squarely within the language of *Hawkes I,* in which the Sixth Circuit noted that clarifying information discloseable under (a)(2)(C) may be found in "criteria for investigative action." *Id. See Stokes v. Brennan,* 476 F.2d 699, 701–02 (5th Cir.1973).[7]

Whether or not (a)(2)(C) imposes an affirmative duty on the Defendant to disclose Session III, the item may be withheld if Defendant carries its burden of demonstrating that one of the statutory exemptions applies. *See Jordan v. United States Department of Justice,* 591 F.2d 753, 765

---

7. In *Stokes v. Brennan,* 476 F.2d 699 (5th Cir. 1973), the court ordered the Department of Labor to disclose manuals, slides, films and other material used in training inspectors of the Occupational Safety and Health Administration. The Fifth Circuit, citing *Hawkes I,* concluded that law enforcement would be served if, upon disclosure, employers voluntarily conformed their conduct to the guidelines set forth in the training materials. In the absence of impeding law enforcement by disclosing law enforcement training manuals, (a)(2)(C) requires the release of these manuals, said the court. *Id.* at 701–02.

*Cf. Cox v. United States Department of Justice,* 576 F.2d 1302 (8th Cir.1978) in which the Eighth Circuit characterized the manuals at issue in *Stokes* and *Hawkes* as dealing with administrative regulation of conduct that is usually lawful. The court distinguished these manuals from the Drug Enforcement Administration agents' manual which "relates entirely to illegal drug transactions and, therefore, probably contains little material that would encourage knowledgeable and voluntary compliance with law." *Id.* at 1309.

(D.C.Cir.1978). In the case at bar, Defendant claims that (b)(2) and (b)(7)(A) exempt Item # 19 from mandatory disclosure.

In *Hawkes I,* 467 F.2d at 796, the Sixth Circuit interpreted (b)(2) by examining the Senate and House reports that accompanied the FOIA. The Senate understood the (b)(2) exemption to relate only to the internal personnel rules and practices of an agency, such as employee use of parking facilities or regulation of lunch hours. *Id.* citing S.Rep. No. 813, 89th Cong. 1st Sess. 8 (1965). The House, in contrast, interpreted the exemption more broadly to include "operating rules, guidelines and manuals of procedure for Government investigators or examiners." *Id. citing* H.R.Rep. No. 1497, 89th Cong.2d Sess. 10 (1966), U.S. Code Cong. & Admin.News 1966, 2427. Based on prior court decisions, the "plain import of the (b)(2) language," and the fact that the Senate interpretation was before the House when it voted to approve the exact language that the Senate had earlier adopted, the Sixth Circuit followed the Senate view. *Hawkes I,* 467 F.2d at 797. *See also Vaughn II,* 523 F.2d at 1143–1144.

After analyzing the House and Senate Reports examined above, the Supreme Court, in *Department of the Air Force v. Rose,* 425 U.S. 352, 96 S.Ct. 1592, 48 L.Ed.2d 11 (1976), also adopted the Senate view, but added the following caveat:

> [A]t least where the situation is not one where disclosure may risk circumvention of agency regulation, exemption 2 is not applicable to matters subject to a genuine and significant public interest.... Rather, the general thrust of the exemption is simply to relieve agencies of the burden of assembling and maintaining for public inspection matter in which the

public could not reasonably be expected to have an interest. *Id.* at 369–70, 96 S.Ct. at 1603.

Following *Rose,* courts generally have found a document exempt under (b)(2) if the document is of "predominate internality" *and* disclosure significantly risks circumvention of agency regulation or statutes. *See Founding Church of Scientology of Washington, D.C. v. Smith,* 721 F.2d 828, 829–31 (D.C.Cir.1983); *Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d 1051, 1074 (D.C.Cir.1981); *Windels, Marx, Davies & Ives v. Department of Commerce,* 576 F.Supp. 405, 412–413 (D.D.C.1983). Using this test, appellate courts have exempted from mandatory disclosure portions of the Bureau of Alcohol, Tobacco & Firearms Training Manual which refer to investigative techniques. *See Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d at 1072–73. *See also Hardy v. Bureau of Alcohol, Tobacco & Firearms,* 631 F.2d at 653, 655 (9th Cir.1980); *Caplan v. Bureau of Alcohol, Tobacco & Firearms,* 587 F.2d 544, 546–47 (2d Cir.1978). *But see Jordan v. United States Department of Justice,* 591 F.2d at 759–61.[8]

■ This Court concludes that in the Sixth Circuit the application of (b)(2) should be guided by the test articulated in *Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d at 1074. Under this test, (b)(2) exempts a document of predominate internality if disclosure would significantly risk circumvention of agency regulation or statutes. *Id.* In considering the application of (b)(2) to Session III, this Court does not ignore the Sixth Circuit's narrow interpretation of (b)(2) in *Hawkes I.* Rather,

---

**8.** In *Jordan,* the District of Columbia Circuit interpreted (b)(2) to exempt only internal personnel rules and personnel practices, and rejected the proposition that (b)(2) was designed to protect documents whose disclosure might risk circumvention of agency regulations. *Jordan v. United States Department of Justice,* 591 F.2d at 771. On this basis, *inter alia,* the District of Columbia Circuit ordered the Justice Department to disclose guidelines concerning the exercise of prosecutorial discretion, such as which

persons should be prosecuted for suspected violations of criminal law, *id* at 757, used by the Office of the U.S. Attorney for the District of Columbia. *Id.* at 781. In *Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d at 1073, the circuit court repudiated the narrow construction given the (b)(2) exemption earlier in *Jordan. See Founding Church of Scientology of Washington, D.C. v. Smith,* 721 F.2d 828, 830 (D.C.Cir.1983).

this Court reads *Hawkes I* in light of the Supreme Court's decision in *Department of the Air Force v. Rose,* which reserved the question of whether (b)(2) exempts internal documents where disclosure may risk circumvention of agency regulations or statutes, *Department of the Air Force v. Rose,* 425 U.S. at 369–70, 96 S.Ct. at 1603, and cases that followed the *Rose* decision. *See, e.g., Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d at 1074; *Caplan v. Bureau of Alcohol, Tobacco & Firearms,* 587 F.2d at 546–47.

This Court also notes that, as a matter of logic, the Sixth Circuit would not have interpreted the mandatory duty to disclose administrative manuals, (a)(2)(C), to exclude law enforcement manuals whose disclosure would make available information that would allow persons simultaneously to violate the law and to avoid detection, *see Hawkes II,* 407 F.2d at 795, and then require disclosure of these manuals by narrowly interpreting an exemption that, under a broader reading, would sanction withholding by the agency. For these reasons, this Court applies the *Crooker* test to Session III.

As a part of a manual designed for training purposes only, Session III is clearly a manual of predominate internality. Whether disclosure of Session III significantly risks circumvention of agency regulations and statutes poses a more difficult question. The EEOC posits that it cannot investigate every employer, and, therefore, it must have criteria to determine who should or should not be potential targets for investigation. Defendant contends that a local employer who knows that it is a more likely target of a charge by the Commissioner than another employer might take steps to avoid the Commissioner's charge. Conversely, Defendant argues, an employer who knew it had little or no chance of being the object of a charge might feel at liberty to violate the law. (Inzeo Affidavit, doc. # 11 at 3).

■■■■■ This Court concludes that two categories of guidelines appear in Session III. The first category (Category I) con-

cerns guidelines relating to the classes protected by Title VII. Category I includes target criteria based on the makeup and functions of a particular employer's work force, sources of general and specific information on employment discrimination and administrative procedures a trainee should follow in selecting a target and drafting a Presentation Memorandum. Session III instructs trainee investigators on identifying employers whose employment profiles fit within the designated criteria. The other category (Category II) concerns target selection criteria not directly related to the protected classes. The latter category contains criteria such as the size and location of an employer, and the type of industry the employer represents. This Court concludes that Category I, as a matter of law, does not qualify for exemption under (b)(2); instead, said category comes within the mandatory disclosure requirement of (a)(2)(C). The conduct of an employer that knowledge of Category I criteria and information would encourage does not risk circumvention of the law, but illustrates voluntary compliance with the law as the investigating agency interprets it. *See Hawkes I,* 467 F.2d at 795; *Stokes v. Brennan,* 476 F.2d at 702. *See also Cuneo v. Schlesinger,* 484 F.2d 1086, 1090–91 (D.C. Cir.1973) *cert. denied,* 415 U.S. 977, 94 S.Ct. 1564, 39 L.Ed.2d 873 (1974). On the other hand, knowledge of Category II criteria would encourage employers to number or locate their work force in a manner that escapes detection of discriminatory practices or, alternatively, to ignore the law if it is likely that a particular organization does not exhibit the characteristics unrelated to the protected classes, such as size, location, or type of industry, that the Defendant will target. Accordingly, the Court orders the Defendant to excise the few portions of Item # 19 which fit within Category II and to disclose the remainder of Item # 19 which does not qualify for exemption under (b)(2).

■■■■■ Defendant also claims that (b)(7)(A) exempts Session III from mandatory disclosure. This claim lacks merit be-

cause, as a threshold matter, (b)(7) exempts only investigatory records compiled for law enforcement purposes. Although the Sixth Circuit has not defined the term "investigatory record", other circuits, relying on legislative history, have determined that documents must contain information compiled in the course of a *specific* investigation to qualify as an "investigatory record". *See Cox v. United States Department of Justice,* 576 F.2d 1302, 1310 (8th Cir.1978). *Accord Sladek v. Bensinger,* 605 F.2d 899, 903 (5th Cir.1979). Since Session III contains only generalized investigative techniques and procedures without any information compiled from a particular investigation, it does not meet the statutory threshold requirement. Simply stated, Item # 19, as a matter of law, is not an investigatory record compiled for law enforcement purposes. Therefore, (b)(7) does not apply.[9]

In the absence of a genuine issue as to a material fact concerning Item # 19, the Court overrules, in part, Defendant's motion for summary judgment with regard to criteria, information, and staff instructions relating to employment of the protected classes, thereby sustaining Plaintiff's motion for disclosure of these portions of Session III. The Court also overrules Plaintiff's motion seeking disclosure of criteria unrelated to employment of the protected classes and, thereby, sustains Defendant's motion to withhold these selection criteria. The Court orders disclosure of Item # 19 in accordance with the directions set forth above.

## O. ITEM # 20

Item # 20, Session IV of the EEOC Systemic Training Manual, contains instructions on the purpose, form and content of a Presentation Memorandum, the document that supports a charge of systemic discrimination. Specifically, Item # 20 includes a summary of the purposes and content of the Presentation Memorandum, a suggested outline for said Memorandum and three examples of actual Presentation Memoranda. The Plaintiff does not contest Defendant's withholding of the three examples, (See letter to EEOC from Plaintiff's Attorney, Daniel Hammer, dated Nov. 28, 1980 at 8), but the Plaintiff does seek disclosure of the summary and outline. The Defendant contends that (a)(2)(C) does not require disclosure, because Session IV relates to law enforcement matters and not purely administrative matters. Disclosure would enable a potential target to escape detection, the Defendant argues. The Defendant also asserts that (b)(2), (b)(7)(A) and (b)(3) exempt Item # 20 from mandatory disclosure.

■■ The Court has examined these arguments. For the reasons set forth in considering the disclosure of Item # 19, the Court finds no genuine issue as to any material fact with regard to the summary and outline under (a)(2)(C). *See* discussion of Item # 19, (a)(2)(C) *supra.* Any conduct by employers encouraged by the disclosure of the summary and outline demonstrates compliance with the law rather than an attempt to escape detection, the latter being the basis of the exclusion of law enforcement manuals from the ambit of

**9.** In a recent case, the District of Columbia District Court sustained the Commerce Department's motion for summary judgment to withhold, on the basis of (b)(2) and (b)(7)(E), a computer program used to perform calculations necessary to determine if a foreign steel producer has violated "anti-dumping" laws by selling steel in the American market at less than fair value. *Windels, Marks, Davies & Ives v. Dept. of Commerce,* 576 F.Supp. at 405, 414. Applying (b)(2), the Court noted that the computer program concerns detection of violations, not definitions of violations. The court also observed that affidavits submitted by the agency persuasively established that disclosure of the au-

diting techniques creates a significant risk that agency detection efforts will be thwarted and the law violated. *Id.* at 412–13. Justifying the application of (b)(7), the court said that the computer program at issue was generated during the process of a *specific* investigation of a particular foreign steel producer. In the present case, the EEOC affidavit does not persuasively establish how disclosure of target criteria concerning the protected classes significantly risks circumvention of agency regulations or statutes. Neither does the Defendant allege that it developed the target criteria for either the purpose of or as a result of a *particular* investigation.

(a)(2)(C). *See Hawkes I,* 676 F.2d at 795. Accordingly, the Court concludes that the summary and outline do not fall outside the language of (a)(2)(C) which provides for mandatory disclosure of administrative staff manuals and instructions to staff that affect a member of the public.

 The Court also finds no genuine issue on the application of (b)(2) to the summary and outline. As a matter of law, the exemption does not apply. The summary and outline direct trainees to include information (both related and unrelated to the protected classes) in the Presentation Memorandum, but the summary and outline do *not* explain the *significance* of this information in selecting targets. Therefore, under the *Crooker* test, disclosure does not risk circumvention of the civil rights laws. To illustrate this conclusion, the Court gives the following hypothetical example: If an employer merely knows that a Presentation Memorandum should contain a statement of the number of persons a potential target employs, the employer does not know what number makes an employer a more or less likely target of a charge. Consequently, an employer seeking to evade the law and to avoid detection would not know whether to increase or to decrease the size of his work force. In short, the mere knowledge of what characteristics the Defendant wants identified in a Presentation Memorandum does not enable an employer to infer what criteria the Defendant uses to select targets. Disclosure of these characteristics, therefore, does not risk circumvention of the civil rights laws or agency regulations, *see Crooker v. Bureau of Alcohol, Tobacco & Firearms,* 670 F.2d at 1074, a required element for exemption under (b)(2).

 With regard to Defendant's claim of exemption under (b)(7), the Court notes that Defendant does not allege that the summary and outline pertain to a particular investigation of a single employer. On the contrary, as evidenced by the three examples of presentation memoranda appended to Item # 20, the summary and outline serve as guides to reporting *all*

recommendations for charges of systemic discrimination. Consequently, the summary and outline do not constitute investigatory records compiled for law enforcement purposes, the threshold requirement of exemption under (b)(7). *See Cox v. United States Department of Justice,* 576 F.2d at 1310; discussion of Item # 19, exemption (b)(7), *supra.*

Defendant also claims exemption of the actual Presentation Memoranda contained in Item # 20 on the basis of (b)(3). Since the Plaintiff does not contest Defendant's withholding of these memoranda, the Court finds no need to consider exemption (b)(3) in ruling on Item # 20.

With regard to Item # 20, no genuine issue as to any material fact remains. As a matter of law, Item # 20 does not qualify for exemption from disclosure. Accordingly, the Court overrules Defendant's motion and sustains Plaintiff's motion, thereby ordering disclosure of Item # 20.

### P. ITEM # 21

 Item # 21, a memorandum to the file, contains the identity of a potential witness against the Plaintiff. Defendant argues that (b)(5), (b)(7)(A) and (E) exempt this item. For the reasons outlined in the discussion of Items # 5, # 15 and # 16, *supra,* (b)(7)(A) exempts from disclosure the identity of this potential witness. The Court finds no need to consider exemption of the identity of the witness under either (b)(5) or (b)(7)(E) since (b)(7)(A), as a matter of law, applies to exempt said identification.

 The remainder of the memorandum concerns the *intra-agency* and *inter-agency* handling of the charge made by the witness. The (b)(5) exemption, however, does not apply to said remainder, because this memorandum merely deals with the procedural aspects of handling the charge and not with the give-and-take of policy deliberation. *See Paisley v. CIA,* 712 F.2d at 698. *See also I.T.T. World Communications v. F.C.C.,* 699 F.2d 1219, 1236 (D.C. Cir.1983), *reversed and remanded on un-*

*related grounds,* —— U.S. ——, 104 S.Ct. 1936, 80 L.Ed.2d 480 (1984).

Accordingly, as a matter of law, (b)(5) does not exempt Item # 21.

After segregating the identity of the witness, *see* 5 U.S.C.A. § 552(b) last clause, the remainder of the memorandum concerns which office or agency should handle the investigation of the charge made by the witness. Essentially, the remaining paragraph concerns administrative procedures used to handle the charge made by the potential witness. Applying (b)(7) to this paragraph, the Court concludes that whether or not this paragraph meets the threshold requirement of constituting an investigatory record compiled for law enforcement purposes, it does not meet either of the following alternative requirements for exemption under (b)(7)(A) or (b)(7)(E):

 1) The Defendant has failed to demonstrate, and the Court cannot imagine how disclosure of this paragraph would *interfere* with any enforcement proceeding. Accordingly, (b)(7)(A) does not apply to this paragraph.

 2) In considering whether disclosure of this paragraph would reveal investigative techniques and procedures as provided by (b)(7)(E), the Court notes that this provision applies to confidential investigative techniques, not to routine techniques generally known outside the government. *See Dunaway v. Webster,* 519 F.Supp. 1059, 1082–83 (N.D.Cal.1981); *LaMont v. Department of Justice,* 475 F.Supp. 761, 780 (S.D.N.Y.1979); H.R.Conf.Rep. No. 93–1380, 93d Cong.2d Sess. (1974). *See also Moore-McCormack Lines, Inc. v. I.T.O. Corp. of Baltimore,* 508 F.2d 945, 949 (4th Cir.1974); *Firestone Tire & Rubber Co. v. Coleman,* 432 F.Supp. 1359, 1366 (N.D. Ohio 1976).

 In the instant case, the procedures that disclosure of this paragraph would reveal do not constitute confidential, protected techniques. Rather, the administrative procedure identified by this paragraph is one that is publicly known. *See e.g.,* 29 C.F.R. § 1601.13. Accordingly, the Court concludes that (b)(7)(E), as a matter of law, does not apply to exempt the second paragraph of Item # 21. The Court, therefore, sustains Defendant's motion as to the identity of the witness named in the memorandum and overrules Defendant's motion as to the remainder of Item # 21. The Court overrules Plaintiff's motion as to the identity of the possible witness and sustains Plaintiff's motion as to the remainder of the item. The Court orders disclosure of Item # 21 *except* for the identity of the witness.

## IV. COURT'S RULING ON SOME ITEMS IS CONDITIONAL

In ruling that Items # 1, 8, 9, 10, 11, 12, 14, 17 and 18 do not qualify for any of the exemptions cited by the Defendant, the Court fears that it has provided a readily accessible FOIA route to an end run around the Supreme Court's recent interpretation of what factual support must be included in a "charge" or "notice of charge" of discrimination. *See E.E.O.C. v. Shell Oil Company,* —— U.S. ——, 104 S.Ct. 1621, 80 L.Ed.2d 41 (1984). In *E.E. O.C. v. Shell Oil Company,* Justice Marshall, speaking for a five member majority in opposition to a vociferous dissent, concluded that neither Section 706(b) of Title VII as amended, 42 U.S.C.A. § 2000e–5(b), which provides for a charge and notice of charge of discrimination, nor the applicable implementing regulation, 29 C.F.R. § 1601.-12(a)(3) (1983),[10] requires that the E.E.O.C.

10. Section 706(b) of Title VII, as amended, 42 U.S.C.A. § 2000e–5(b), provides, in pertinent part, that:

 Whenever a charge is filed ... the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer ... within ten days, and shall

make an investigation thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires....

 The regulation prescribing the contents of the charge provides *that each* charge shall contain, *inter alia,* "a clear and concise statement of the facts, including pertinent dates, constituting the

release to charge respondents statistical data which support the charge of discrimination, in order to enforce an administrative subpoena compelling a respondent employer to disclose material relevant to the charge. —— U.S. at ——, ——, 104 S.Ct. at 1632, 1636–37.

In an effort to avoid providing charge respondents with a method to circumvent the Supreme Court's decision in *E.E.O.C. v. Shell Oil Company*, without the benefit of argument on this issue by counsel, the Court offers the parties an opportunity to submit supplementary memoranda addressing the Supreme Court case and the exemption of statistical data that support a charge of discrimination from mandatory disclosure under the FOIA. In order to permit consideration of any supplementary memoranda on this issue, the Court declares that its ruling on Items # 1, 8, 9, 10, 11, 12, 14, 17 and 18 is conditional for 45 days from the filing date of this Decision and Entry. Not later than 30 days from the filing date of this Decision and Entry, Defendant must file any supplementary memoranda it wishes to submit to this Court on the possible circumvention issue as framed by this Court. Plaintiff must file a memorandum on this issue within 15 days of Defendant's supplementary filing or not later than 45 days from the filing date of this Decision and Entry. If Defendant fails to respond to this opportunity to file a supplementary memorandum, the Court's ruling on the cross motions as set forth above will become absolute. If, on the other hand, Defendant does respond to this opportunity, the Court's ruling on the enumerated items will remain conditional until such time as the Court issues a further ruling on these items.

## V. PLAINTIFF'S MOTION TO COMPEL

In view of the *in camera* submission to this Court of the items at issue in the captioned cause, the Court deems as moot Plaintiff's Motion to Compel Detailed Justification, Itemization and Indexing of Documents For Which Exemption May Be Claimed (doc. # 2).

## VI. CONCLUSION

WHEREFORE, based on the aforesaid, the Court conditionally sustains Plaintiff's Motion for Summary Judgment on Items # 1, 8, 9, 10, 11, 12, 14, 17 and 18 and, in so doing, overrules Defendant's Motion for Summary Judgment on these items. If Defendant does not file a supplementary memorandum within 30 days of the filing date of this Decision and Entry, the Court's ruling on the above items will become absolute. If Defendant does file a supplementary memorandum, this Court will make a further ruling on the items listed above in this paragraph, after receipt of Plaintiff's memorandum.

The Court sustains Plaintiff's Motion for Summary Judgment on Items # 4, 6, 13 and 20, and, thereby, overrules Defendant's Motion for Summary Judgment on these items. Accordingly, the Court orders disclosure of Items # 4, 6, 13 and 20, forthwith.

The Court sustains Defendant's Motion for Summary Judgment with regard to Items # 5, 15 and 16 and overrules Plaintiff's Motion for Summary Judgment on these items.

The Court sustains in part and overrules in part Plaintiff's Motion for Summary Judgment on Items # 19 and 21, and, in so doing, overrules in part and sustains in part Defendant's Motion for Summary Judgment on these items. The Court orders the Defendant to redact the portions of Items # 19 and # 21 that this Court finds exempt (Category II in Item # 19 and the identity of the witness in Item # 21) and to disclose the remainder of the items, forthwith.

Plaintiff's Motion to Compel (doc. # 2) is deemed moot.

alleged unlawful employment practices." 29

C.F.R. § 1601.12(a)(3) (1983).